## SAVOIE et al. v. DUPLANTIS.
### No. 1565.

Court of Appeal of Louisiana. First Circuit.
March 23, 1936.

Harris Gagne, of Houma, for appellants.

Ellender & Ellender, of Houma, for appellees.

LE BLANC, Judge.

The plaintiffs herein, Mrs. Emily Picou Savoie, Mrs. Pearl Picou Pitre, and Mrs. Ruby Picou Le Boeuf, are three of the seven vendors who appear as having sold their rights, title, and interest in certain lands situated in the parish of Terrebonne to the defendant, J. G. Duplantis. The sale, which appears to be one under private signature and later authenticated by one of the subscribing witnesses under the provisions of Act No. 68 of 1914, bears an original date as of August 12, 1927, which was later changed to April 12, 1929. The signature of one of the parties, not that of any of the plaintiffs, is witnessed by different parties than those of the others, and seems to bear the date of April 8, 1929. The notarial authentication is dated May 27, 1929.

The three plaintiffs herein have instituted this suit to have the purported deed declared null and void on the ground that they were all three minors at the time they signed and executed the same in April, 1927, and therefore lacked the necessary capacity to make a valid contract of sale, and on the further ground that when the same was presented to them for their signatures by one Mantin Martin, who himself appears to be one of the ven-

dors, they signed the same relying entirely upon the statements made by him that what they were asked to sign was a trapping lease for the season of 1927–28. That in October, 1934, when they first discovered their ownership of the property, they also discovered for the first time the chicane and misrepresentation by which they had been fraudulently tricked into signing a purported sale instead of a trapping lease of their interest in their property. They allege that Mantin Martin represented himself to them as the agent and representative of the defendant, J. G. Duplantis, and charge that he was his agent and representative, and that because of the fraud and deception used in procuring their signatures to the said document the same is null and void and of no effect. The prayer of their petition is to have the same so declared, but of course if any such relief is to be granted it can only be to the extent of the respective interest of each in the property herein purported to have been conveyed.

The defendant, for answer, denies the charges of fraud and misrepresentation alleged, and as to the minority of the plaintiffs Mrs. Pearl Picou Pitre and Mrs. Ruby Picou Le Boeuf on which they seek to have the sale declared null and of no effect, he pleads the prescription of four years which he avers began to run from March 3, 1930, as regards Mrs. Pitre, and from April 4, 1930, as regards Mrs. Le Boeuf, to the date of the filing of suit, to wit, February 6, 1935.

The district judge sustained the plea of prescription and held that these two plaintiffs had to rely on the plea of fraud and misrepresentation, the same as their sister, the other plaintiff. On this issue he decided in favor of the defendant and dismissed the plaintiffs' suit at their costs, whereupon this appeal was taken.

■ Inasmuch as the plaintiffs admit having signed the document sought to be annulled, we do not think that the date it bears or the fact that it may have been changed is of any material importance. The date which the deed bears plays no part in considering the question of prescription, as the prescriptive period against minors, whether it be the one here pleaded, or another, begins to run 'from the date of their majority or that on which they were otherwise relieved from their incapacity because of minority.

The prescription of four years which is urged by the defendant is based on article 1876 of the Civil Code, which prescribes that "actions for lesion are limited to four years, to date from the time of the contract between the persons of full age, and from the age of majority in contracts of minors."

The evidence shows that Mrs. Pearl Picou Pitre was born on April 8, 1910, and that she was married on March 3, 1930. Mrs. Ruby Picou Le Boeuf was born on April 4, 1912, and was married on June 27, 1928. It is not disputed that when they signed the sale to defendant, they were minors, but it is contended that by virtue of their subsequent marriages and their having attained the ages of eighteen years, they became relieved of the disabilities which attach to minority on the respective dates of March 3, 1930, and April 4, 1930, and that the prescriptive period under the article quoted began to run for each from those respective dates. The present suit, which is the first step taken by either of them to have the sale set aside, having been filed February 6, 1935, or more than four years from the date on which prescription began to run in the case of either of them, it is urged that the action has prescribed.

We might readily agree with the district judge in sustaining the plea of prescription were we of the opinion that it is the prescription invoked under article 1876 of the Civil Code which applies. But we cannot agree with him that that is the prescription which governs in this case. There is no suggestion whatever in the pleadings that the plaintiffs are seeking to set aside the sale involved in this proceeding on the ground of lesion. The grounds distinctly and specifically set out in their petition are their minority and the fraud and misrepresentation by which they were misled into signing it. Counsel for defendant refers us to article 1864 of the Civil Code, in which it is provided that minors not emancipated are relievable against simple lesion in every species of contract, and to article 1866, in which they are relieved from the necessity of alleging lesion to invalidate such contracts. But it would seem that even then, there would have to be some intimation from some source that the contract could be set aside because of lesion. "Lesion" is defined, under article 1860, as "the injury suffered by one who does not receive a full equiv-

alent for what he gives in a commutative contract." Article 1861 designates the amount of the injury that has to be suffered in the case of a person of full age before he will be released from his contract. On the other hand, "that is called simple lesion," states article 1864, "in which the amount to be suffered by it, is not designated by law"; but it must be an injury suffered by lesion just the same, and, if from the pleadings in a case and from the record as a whole, there is nothing to suggest that the relief sought is because of lesion, how can it be said that the action is for lesion and that the prescription of four years provided for under article 1876 is the one that governs?

We are of the opinion, rather, that the action before us being one for the nullity or rescission of the purported sale, based on minority, that the prescription of five years under article 3542 of the Civil Code is the one which applies. That article provides as follows:

"The following actions are prescribed by five years:

"That for the nullity or rescission of contracts, testaments or other acts. * * *

"This prescription only commences against minors after their majority."

In the case of the two plaintiffs herein against whom prescription is urged, we have seen that the time from which the period has to be computed dates from March 3, 1930, as regards Mrs. Pearl Picou Pitre, and from April 4, 1930, as regards Mrs. Ruby Picou Le Boeuf. As the suit was filed February 6, 1935, it is seen that they were still within the five-year prescriptive period, which we hold governs, and therefore the plea which was urged against them should have been overruled. The plea of prescription being overruled and their minority, at the time of the signing of the deed being conceded, it follows that the court has no alternative but to annul the sale in so far as their interest in the property therein attempted to be conveyed is concerned.

With regard to the other plaintiff, Mrs. Emily Picou Savoie, the evidence shows that she was born on November 27, 1907. She therefore reached the age of majority November 27, 1928. As to her, therefore, more than five years had elapsed from the date of her majority to the date suit was filed, and it was then too late for her to avail herself of her minority to have the sale set aside. She has to depend on the other ground set forth in the petition, namely, the fraud and misrepresentation alleged therein.

It is contended by her counsel that because of the lack of proper authentication of the deed, it remains as one under private signature under which the rule as to burden of proof changes. Certainly there is a difference in the matter of proof as between the parties to an act under private signature and one that is duly authenticated before a notary public, but we do not know of any difference with regard to the shifting of the burden of proof in a case where the act is sought to be set aside on the ground of fraud. "Fraud like every other allegation, must be proved by him who alleges it." Civil Code, art. 1848. The fraud charged in this case is that these plaintiffs were deceived and misled into signing this act of sale by the statements and representations made to them by one Mantin Martin, who, they charge, was the defendant's agent and representative, that the same was a trapping lease for the year 1927–28. It strikes us therefore that the important matter of proof, which arises under the charge of fraud as made in the petition, is that such deception as was perpetrated on them was with the knowledge or through the procurement of the defendant, Duplantis. "If the artifice be practiced by a party to the contract, or by another with his knowledge or by his procurement, it vitiates the contract; but if the artifice be practiced by a third person, without the knowledge of the party who benefits by it, the contract is not vitiated by the fraud." Civil Code, art. 1847, par. 9.

The only circumstance from which it might be inferred that Mantin Martin was acting as the defendant's agent when he made the alleged representations to the plaintiff is the one arising from the fact that he is one of the vendors in the same act of sale himself and insists that he was led into signing it on the same representation having been made to him by the defendant, and was then asked by the latter to procure the signatures of his co-owners thereto. This naturally leads into a consideration of the relation between Martin and the defendant, and of the relative weight and value of the testimony of each on the subject.

In addition to a careful analysis of all the testimony in the case, the district judge

gave unusual attention to this important point in the written reasons for judgment filed in the record. After reciting every detail and circumstance which had any bearing on the relation between the two parties, and after deliberately weighing the testimony of each, he came to the conclusion that Mantin Martin, having had every opportunity to investigate the document which he had in his possession for a period of more than two years, knew exactly what he was signing and that he was not misled by the defendant into signing anything else than the sale which that document showed itself to be. "Having reached that conclusion," says the district judge, "the court does not believe that the defendant instructed Mantin Martin to represent to the plaintiffs that the document was a 'trapping lease.'"

We can think of no useful purpose to be served by a repetition on our part of a similar analysis of that testimony. Suffice it to say that it is far short of supporting the serious charge of fraud that is aimed at this defendant, and by no means can it be said to measure up to the standard set by the Supreme Court in the case of Belcher v. Booth, 164 La. 514, 114 So. 116, 118, that "fraud should be proven to that degree of certainty which warrants the conviction of a person who is charged with the commission of a crime, i. e., beyond a reasonable doubt."

The testimony is far from convincing that Mrs. Savoie, who we have held to be the only remaining plaintiff, was not fully aware of the full import of the document which she signed. The district judge was of the opinion that she was, and we are inclined to agree with him. But admitting that she was imposed upon and misled into signing on the belief that it was a trapping lease as she says, by Martin, who the record discloses is her near relative, the testimony certainly is lacking in the important respect of showing such representations as he may have made, were procured by the defendant.

For the reasons herein stated it is ordered, adjudged, and decreed that the judgment appealed from in so far as it rejected the demand of plaintiff Mrs. Emily Picou Savoie and dismissed her suit be and it is hereby affirmed, and that in so far as it rejected the demand of the plaintiffs Mrs. Pearl Picou Pitre and Mrs. Ruby Picou Le Boeuf, it is hereby set aside, avoided, and reversed, and as to these two plaintiffs it is now ordered, adjudged, and decreed that there be judgment in their favor and against the defendant, J. G. Duplantis, declaring null, void, and of no effect the act of sale bearing their signatures, which act of sale is of record in the conveyance records of the parish of Terrebonne, La., in Conveyance Book No. 91, at folio 147, as appears from the certificate of the clerk of court of said parish which is annexed to the certified copy of said act filed in the record of this proceeding.

It is further ordered that the defendant pay all costs of this proceeding in both this and the district court.